IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEDDY W. LEE, JR., and BRYAN THOMAS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )   CIVIL NO. 11-570-GPM ) |
| S.A. GARDINEZ, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

    Plaintiffs Teddy W. Lee, Jr., and Bryan Thomas are persons currently on parole from the custody of the Illinois Department of Corrections ("IDOC") who bring this action pro se on behalf of themselves and a proposed class pursuant to 42 U.S.C. § 1983 for alleged deprivations of their constitutional rights while they were in IDOC custody by persons acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).[1]

Lee and Thomas allege that, while incarcerated by IDOC, they and other prisoners in IDOC custody were forced to pay inflated prices for goods at prison commissaries operated by IDOC, in violation of Illinois law and the Constitution. Of course, a violation of state law is not ipso facto a violation of the Constitution. "A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules. Indeed, 'it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs

---

1. The Court notes in passing that, although this case purportedly is brought as a class action, this does not prevent the Court from screening the case pursuant to 28 U.S.C. § 1915A. "[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff[s[." *Hall v. Brown*, Civil No. 10-724-GPM, 2011 WL 1403036, at *1 n.1 (S.D. Ill. Apr. 13, 2011) (quoting *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002)). Also, "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action[.]" *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992)).

state officials on how to conform their conduct to state law.'" *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)). *See also Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003) ("[T]he Constitution does not compel states to follow their own laws. Nor does it permit a federal court to enforce state laws directly.") (citations omitted); *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) ("A violation of a state statute is not a *per se* violation of the federal Constitution. The federal government is not the enforcer of state law."). Thus, to the extent that Lee and Thomas allege merely that IDOC has violated state law, such a claim is not cognizable under 42 U.S.C. § 1983.[2]

To the extent Lee and Thomas contend that the allegedly inflated prices charged at IDOC-run commissaries violate due process, the Court does not agree. If a prisoner is raising a due process argument, the prisoner must demonstrate that he or she has been deprived of a protected property or liberty interest in commissary privileges that arises out of state law or the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995). Illinois prison regulations permit the establishment of commissaries. *See* Ill. Admin. Code tit. 20, § 210.20(a). However, neither Illinois prison regulations nor statutes establish a right to commissary privileges. *See* 730 ILCS 5/3-7-2a (regulating commissary prices); Ill. Admin. Code tit. 20, § 504.20(c) (prohibiting certain types of punishment, but not mentioning

---

2. Also, given that, for reasons to be discussed presently, Lee and Thomas have failed to allege any violation of their constitutional rights, the Court declines to exercise jurisdiction over any state-law claims Lee and Thomas may be attempting to bring in this case. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

the restriction of commissary access). In fact, a prisoner has no federal constitutional right to purchase items, whether food or non-food, from a commissary at all. *See Gibson v. Mc Evers*, 631 F.2d 95, 98 (7th Cir. 1980) (a denial of a prisoner's commissary privileges does not implicate due process); *Partee v. Cain*, No. 92 C 4838, 1999 WL 965416, at *9 (N.D. Ill. Sept. 30, 1999) (citing *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986)) ("Neither the Illinois prison regulations nor state statutes establish a right to commissary privileges. Such a right also cannot be found in the Constitution.") (citation omitted); *Allen v. DeTella*, No. 96 C 5120, 1997 WL 106098, at *4 (N.D. Ill. Feb. 6, 1997) (same); *Lekas v. Cooper*, No. 91 C 5908, 1996 WL 501560, at *4 (N.D. Ill. Aug. 30, 1996) (same). *Accord Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."). Because a prisoner does not have a federal constitutional right to purchase commissary items, it follows that a prisoner has no right to purchase commissary items at a particular price or to have prison officials restrained from charging exorbitant prices at a prison commissary. *See Cox v. Quinn*, Civil No. 09-1050-GPM, 2010 WL 2679987, at *2 (S.D. Ill. July 2, 2010) ("Plaintiff's claim that commissary prices are too high implicates no constitutional right. Because Plaintiff has no protected property or liberty interest in making commissary purchases, he has no protected property or liberty interest in commissary prices.") (citation omitted); *Bennett v. Sheahan*, No. 99-C-2270, 1999 WL 967534, at *4 (N.D. Ill. Oct. 5, 1999) ("Commissary prices implicate no constitutional right."). *Accord McCall v. Keefe Supply Co.*, 71 Fed. Appx. 779, 780 (10th Cir. 2003) (citing *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980)) (a prisoner's claim that a prison commissary charged "outrageous and unfair" prices that were "against the morals of society" failed to state a constitutional claim).

Finally, the Court notes that, as neither Lee nor Thomas is in IDOC custody any longer, their claims are moot. The power of the federal courts is limited to justiciable cases or controversies under Article III of the Constitution, and therefore federal courts lack jurisdiction to hear non-justiciable cases, including cases that are moot. *See Maher v. FDIC*, 441 F.3d 522, 525 (7th Cir. 2006). A case is rendered moot "if there is no possible relief which the court could order that would benefit the party seeking it." *Id*. Mootness has been described as "the doctrine of standing set in a time frame," because, if a plaintiff loses standing during the course of litigation, that plaintiff's claim is rendered moot. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). In other words, "[a] case is moot when it no longer presents a live case or controversy." *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). It is true, of course, that federal courts may consider otherwise moot cases or controversies if the questions involved are "capable of repetition, yet evading review[.]" *Moore v. Ogilvie*, 394 U.S. 814, 816 (1969). This exception to the mootness doctrine applies when "(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Tobin for Governor*, 268 F.3d at 529. The United States Court of Appeals for the Seventh Circuit has recognized that "the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the . . . plaintiff can make a reasonable showing that he will again be subject to the alleged illegality." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). As discussed, both Lee and Thomas currently are on parole from IDOC custody and therefore are not making purchases at IDOC-run commissaries. It is conceivable, of course, that Lee and Thomas might be re-incarcerated for, say, violating the terms of their parole, and thus begin making purchases from

IDOC commissaries again. However, for a plaintiff to have Article III standing, the plaintiff's alleged injury must be "actual or imminent, not conjectural or hypothetical[.]" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). This case will be dismissed.[3]

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that this case is frivolous, and therefore the case is **DISMISSED with prejudice**. Lee and Thomas are advised that the dismissal of this case counts as a "strike" for each of them within the meaning of 28 U.S.C. § 1915(g). *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (in a jointly-litigated action, under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.), when any claim in a complaint or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted, all prisoners who jointly filed the action incur strikes). The Clerk of Court is directed to enter judgment in accordance with this Order.

    **IT IS SO ORDERED.**

    DATED: January 18, 2012

                                                /s/ G. Patrick Murphy
                                                G. PATRICK MURPHY
                                                United States District Judge

---

3. It should be noted that, in the class action context, if a named class representative lacks standing, a proposed class action may not proceed, without regard to the standing of the members of the proposed class. *See Bzdawka v. Milwaukee County*, 238 F.R.D. 469, 473 (E.D. Wis. 2006) (in a class action, "standing analysis is concerned with whether the named plaintiff is properly before the court.").